BRYANT S. DELGADILLO (CA Bar No. 208361)
bryant.delgadillo@piblaw.com
LOUIS CHANG (CA Bar No. 268255)
louis.chang@piblaw.com
Parker Ibrahim & Berg LLP
695 Town Center Drive, 16th Floor
Costa Mesa, California 92626
Tel:  (714) 361-9550
Fax: (714) 784-4190

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.
(erroneously sued as J.P. Morgan Chase Bank)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAD SIDDIQI,<br><br>        Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK; and DOES 1-10, inclusive,<br><br>        Defendants. | **CASE NO.:** _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(a), (b), 1446 BY DEFENDANT JPMORGAN CHASE BANK, N.A.**<br><br>*[Los Angeles County Superior Court, Case No. BC696220*<br><br>**ACTION FILED:**   March 2, 2018 |

   **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that defendant JPMorgan Chase Bank, N.A., erroneously sued as "J.P. Morgan Chase Bank" ("Defendant"), removes to this Court the action described below from the Superior Court of the State of California, County of Los Angeles.

///

///

## I.     BACKGROUND

1.     Plaintiff Javad Siddiqi ("Plaintiff") filed an action in the Superior Court of the State of California, County of Los Angeles, styled, *Javad Siddiqi, v. J.P. Morgan Chase Bank; et. al.*, Case No. BC696220, on March 2, 2018 ("State Court Action").

2.     Defendant was personally served with Plaintiff's complaint on March 7, 2017.

## II.    BASIS FOR REMOVAL

3.     The State Court Action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332(a), and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) and (b), and the procedures set forth in 28 U.S.C. § 1446.

4.     Section 1332(a) provides the district courts with "original jurisdiction" over matters based on diversity of citizenship.  Section 1441 (a) states any civil action brought in State court where the district courts have original jurisdiction may be removed.   Section 1441(b) sets the parameters for removing under diversity jurisdiction.

### Diversity Jurisdiction

5.     For the purposes of establishing diversity, a natural person is a "citizen" of the state in which he is domiciled. See *Kantor v. Wellesley Galleries, Ltd.*, 704 F2d 1088, 1090 (9th Cir. 1983). In this matter, Plaintiff identifies his present residence as the city of Rancho Palos Verdes, which is located in Los Angeles County, state of California, United States of America.  *See* Complaint, p.1:1-4, attached as Exhibit "1" to Defendant's Request for Judicial Notice ("RJN"); RJN, ¶ 3; and FRCP Rule 11(a)[pleading requires a party's address].  Accordingly, there is a good faith basis to conclude that Plaintiff at the time of filing his complaint was domiciled in the state of California. Thus, Plaintiff is considered a citizen of California for purposes of diversity.  See *Kantor v. Wellesley Galleries, Ltd.*, 704 F2d 1088, 1090 (9th Cir. 1983)

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL**

see also *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile.")

6.     Chase is a national bank.  Chase's main office is located in Columbus, Ohio and Chase is a citizen of Ohio.  *See* Defendant's RJN, Ex. 2. Thus, there is complete diversity among the parties. *See Rouse v. Wachovia Mort.,* FSB, 747 F.3d 707, 709 (9th Cir. 2014)("We conclude that, under 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located.  Hence, the district court had diversity jurisdiction because there was complete diversity between the Rouses, citizens of California, and Wells Fargo, a citizen of South Dakota.")

**Amount in Controversy**

7.     This matter also exceeds the amount in controversy threshold requirement of $75,000 found in 28 U.S.C. § 1332(a).  In a removal proceeding, the amount in controversy can be determined from the allegations or prayer of the complaint. See *St.Paul Mercury Indem.Co. v. Red Cab Co.*, 303 US 283, 291 (1938). In this matter, Plaintiff seeks monetary damages, including both compensatory and punitive damages for fraud, and attorney's fees, *see* Complaint, p. 4:13-18, and alleges that one of his bases for compensatory damages equals the sum of $400,000, representing the lost equity in the subject property. *See* Complaint, ¶ 16. Accordingly, this matter meets the amount in controversy threshold.

**III.     PROCEDURAL COMPLIANCE**

8.     A notice of removal must be filed within "thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).

9.     This Notice of Removal was timely filed within thirty days of March 7, 2018, the day on which Defendant was personally served with a copy of Plaintiff's complaint.

10. The State Court Action was pending before the Superior Court for the State of California, County of Los Angeles. Since this Court is the United States District Court for the district and division embracing the place where the original action was filed, it is the appropriate Court for removal under 28 U.S.C. Section 1446.

11. Pursuant to 28 U.S.C. Section 1446(a), attached as Ex. 1 to the RJN are copies of "all process, pleadings, and orders served upon" Defendant. A copy of this notice will be served on all parties of record and will be filed with the Clerk of the Superior Court for the County of Los Angeles.

12. Defendant expressly reserves its rights to raise all defenses and objections to Plaintiff's claims after the action is removed to the above-entitled Court. By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it.

## IV. **CONCLUSION**

Wherefore, Defendant respectfully requests this Court make any and all orders necessary to effect the removal of this case from the Superior Court for the State of California, County of Los Angeles, to this Court, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Superior Court for the State of California, County of Los Angeles.

DATED: April 6, 2018                    PARKER IBRAHIM & BERG LLP


By: _/s/ Louis Chang_____
          BRYANT DELGADILLO
          LOUIS CHANG
          Attorneys for Defendant
          JPMORGAN CHASE BANK, N.A.
          (erroneously sued as J.P. Morgan Chase Bank)